937 F.2d 624
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David Jacob EATON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5022.
 United States Court of Appeals, Federal Circuit.
 June 14, 1991.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 David Jacob Eaton appeals from the judgment of the United States Claims Court dismissing his complaint on the ground that his claim for refund was barred by the running of the statute of limitation set forth in 26 U.S.C. (I.R.C.) Sec. 6511 (1988). Eaton v. United States, Docket No. 592-89 T (Cl.Ct. October 4, 1990). We affirm.
 
 OPINION
 
 2
 Eaton's tax returns for the years 1982 and 1983, which were delinquently filed on September 21, 1987 and September 24, 1987, respectively, were treated by the Internal Revenue Service (IRS) as timely filed claims for refund. See 26 C.F.R. 301.6402-3(a). Under section 6511(b)(2)(A) of the Internal Revenue Code (IRC), the refund that can be recovered is limited "to the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years plus the period of any extension of time for filing the return." Eaton obtained a four-month extension of time to file both his 1982 and 1983 returns. Although he contended that an additional extension of the time to file his returns had been obtained, the Claims Court properly determined on the record before it that Eaton had not sustained his burden of proving that an additional extension had been granted by the IRS.
 
 
 3
 The tax that Eaton sought to have refunded was all paid by withholding. Withheld taxes are deemed to be paid on April 15 following the close of the tax year by section 6513(b)(1) of the IRC. Because no part of the taxes for 1982 and 1983 had been paid within the statutory forty-month period immediately preceding the date on which his administrative claims for refund were filed, the Claims Court correctly held that Eaton's claim was barred by the statute of limitation set forth in section 6511(b)(1) of the IRC.
 
 
 4
 We have considered all of the other contentions of Eaton and find them to be without merit. Accordingly, the Claims Court's judgment dismissing Eaton's complaint is affirmed.